## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| Stephanie McDade,<br><br>                                    Plaintiff,<br><br>v.<br><br>National Railroad Passenger Corp. d/b/a Amtrak,<br><br>                                    Defendant. | Case No.1:23-cv- 3801<br><br>**COMPLAINT**<br>(JURY TRIAL DEMANDED) |

### INTRODUCTION

1.      Stephanie McDade has been a loyal employee of National Railroad Passenger Corp. d/b/a Amtrak since 2012. In 2019, she began suffering from chronic inflammatory response syndrome (CIRS), a progressive, multi-system, multi-symptom illness characterized by exposure to biotoxins. As treatment, McDade's doctor recommended McDade work from home. McDade's job is one she can easily do from home. In fact, shortly after McDade was diagnosed with CIRS, Amtrak made her job a work-from-home position because of COVID. Now, however, Amtrak is ordering McDade to come back to work and is refusing to accommodate her disability by allowing her to work from home, in violation of the Americans with Disabilities Act (ADA). There is no legitimate basis for Amtrak's refusal, which is why McDade has filed this suit.

### PARTIES

2.      McDade is an individual who resides and worked for Amtrak in New Jersey.

3.      Amtrak is a corporation headquartered in this district.

### JURISDICTION AND VENUE

1

4.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Amtrak is headquartered in this district.

## FACTUAL ALLEGATIONS

6.      McDade has worked for Amtrak since 2012.

7.       McDade works in crew management.

8.      McDade's job involves computer work and telephone calls.

9.      McDade's job can be done from home.

10.     In 2019, McDade was diagnosed with CIRS.

11.     CIRS is a physical impartment that can substantially limit its suffers' ability to breathe, walk, talk, hear, see, sleep, care for themselves, perform manual tasks, and work.

12.     CIRS is a physical impairment that can substantially limit its suffers' immune system function.

13.     After diagnosing McDade with CIRS, her doctor recommended she work from home.

14.     McDade requested that Amtrak allow her to work from home.

15.     Before Amtrak made a decision on her request, COVID hit the United States.

16.     Amtrak's response to COVID included making McDade's job a work-from-home position.

17.     Recently, Amtrak has ordered McDade and the other employees holding her position to return to the office.

2

18.    McDade therefore renewed her request to work from home.

19.    Amtrak has refused to accommodate her.

20.    Amtrak has also refused to explore other accommodations.

21.    McDade is therefore having to choose between her job and health, in violation of the ADA.

## CAUSES OF ACTION

### DISABILITY DISCRIMINATION, IN VIOLATION OF THE ADA

22.    Section 12112(a) of the ADA prohibits employers from discriminating against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

23.    The ADA defines "discrimination" to include failing to accommodate employees' disabilities when reasonable.

24.    The ADA requires employers to engage in an interactive process to identify ways in which an employee's disability can be reasonably accommodated.

25.    At all relevant times, McDade was an individual with a "disability" under each of the ADA's three definitions of the term.

26.    McDade is a qualified individual under the ADA.

27.    Amtrak was aware of McDade's disability.

28.    McDade requested an accommodation.

29.    Amtrak refused to accommodate McDade.

30.    Amtrak failed to engage in an interactive process to identify alternative ways in which McDade could have been accommodated.

31.    Had Amtrak engaged in the interactive process, it would have identified

ways in which McDade could have been accommodated, including allowing her to work from home.

32.    Amtrak discriminated against McDade on the basis of disability when it refused to accommodate her and also when it failed to engage in the interactive process.

33.    Because Amtrak violated 42 U.S.C. § 12112, McDade has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. McDade is also entitled to attorneys' fees and costs incurred in connection with these claims.

34.    Amtrak committed the above-alleged acts with reckless or deliberate disregard for McDade's rights. As a result, McDade is entitled to punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, McDade prays for judgment against Amtrak as follows:

35.    That the practices of Amtrak complained of herein be determined and adjudged to constitute violations of the ADA;

36.    For an injunction against Amtrak and its directors, officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

37.    For an award of damages arising from loss of past and future income, emotional distress, and other compensatory damages in an amount to be determined by the trier of fact;

38.    For an award of pre-judgment interest, as provided by law;

39.    For an award of McDade's costs, disbursements and attorneys' fees

pursuant to law;

40.    For all relief available under the ADA;

41.    For such other and further relief available by statute; and

42.    For such other and further relief as the Court deems just and equitable.

December 21, 2023

**PLAINTIFF'S COUNSEL**

/s/ Nicholas D. Thompson
Nicholas D. Thompson
729 N. Washington Ave, Suite 600
Minneapolis, MN 55401
Phone: (757) 393-4093
Email: nthompson@caseyjones.law